McCauley, J.
The plaintiff in error as. constable levied upon a small stock of merchandise owned by defendant in' error. Defendant'in error brought suit in replevin for the goods, claiming them as exempt from levy and sale under section'3 of the act of April 9, 1875 (72 Ohio L., 50).
• On the trial below it appeared that the defendant in error was not the owner of a homestead; but that- his wife owned a house and lot which had been occupied by him and his. Jamilyas a homestead; but that he had removed from it some time before his goods were levied upon and had taken up his family residence in another place.
The claim of the plaintiff in error in the court below was,; that if the propertjr of the wife of defendant in error could llave been used and occupied by him and his family as a-homestead, and he had removed from this property to'enable him to claim his goods as exempt in case., they should be levied upon, lie was to be considered as-having a hoihestead, and not entitled to the exemption he claimed.
The court instructed the jury, “that if he, the defendant in error, or his wife Iras a homestead, or if she has property in which they might claim a homestead, then he cannot claim *233 his exemption in this case.” And further, “If they had abandoned it, the. homestead, plaintiff had a right to these goods; if they had not abandoned it, then he had no right to the goods.”
In Dwinell v. Edwards, 23 Ohio St., 603, it was held that when real estate occupied as a family homestead, is owned either by the husband or the wife, neither can hold exempt from execution the personal property allowed by the act in lieu of a homestead.
In this case the real estate of the wife was not occupied as a family homestead. And the fact that it had been abandoned whether for temporary or fraudulent purposes was of no consequence in determining the rights of the husband to the exemption claimed. While it remained the property of, the wife, the husband could not control it. If he had owned it and could have controlled the occupancy of it, his abandonment might have been a question affecting his right to the exemption claimed.
The instructions to the jury attached the same consequences to the abandonment of the property of the wife as to the abandonment of the same property if the husband had owned it. In effect, that the removal from property over which the husband had no control was the same as the removal from property which, while he had abandoned it as a homestead, was yet.under his control and might be occupied by him as a homestead at bis will.
In this respect the instructions to the jury were wrong.

Judgment of district court affirmed.